[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 10, 1990Date of Application August 27, 1990Date Application Filed August 30, 1990Date of Decision July 26, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR8-92062;
Richard E. Salz, Sr., Pro Se For the Petitioner
Robert O'Brien, Esq. Assistant State's Attorney
BY THE DIVISION
Richard E. Salz, Sr. was convicted by a jury of manslaughter in the 2nd degree in violation of C.G.S. § 53a-56 (a)(1), an offense which carries a maximum sentence of 10 years. The sentencing court imposed a sentence of 10 years suspended after 5 and a period of probation.
At the outset it should be noted that at the time the petitioner's case was scheduled to be heard by this division, there were only two of the three judges available to hear the case. Also, the petitioner elected to represent himself although he was offered the opportunity to have counsel appointed for him and his case continued. After being advised of his rights, he declined both offers and requested the two sitting judges of the division hear his case on this date.
The petitioner was a licensed electrician who installed an electric baseboard heater in a single family home in East Haven owned by Louise and Burton Gorman. The Gorman's two grandchildren, Burton Gorman III, age 12, and his younger brother, Sean, resided CT Page 7804 with their grandparents. On December 26, 1988, shortly after the petitioner completed the electrical work, Mr. Gorman activated the heater for the first time and then shut it off until December 28th when he again turned it on around 8:30 p. m. At about 1:30 a.m., Mr. Gorman awoke to go to the bathroom and smelled the odor of smoke coming from the area of the baseboard heater. He awoke his wife and attempted to extinguish the fire, but his efforts were in vain. The two grandchildren were asleep on the second floor and Mr. Gorman yelled up to them and they said they would come right down. The grandparents left with Sean believing Burton was right behind them, but when the fire was extinguished by firefighters, Burton was found dead of smoke inhalation in his room.
Inspection revealed the petitioner had miswired the 120 volt heater to 220 volts at the circuit box and that the grounding mechanism had also been miswired so that it could not be activated. As a result, the heater overheated and ignited the basement wall. In addition, numerous electrical code violations were found in the work performed by the petitioner in the basement, garage and dining room.
The petitioner spoke at length about the facts of the case and the hardship attending his family as a result of his incarceration. It should be noted that before commencing the sentence on this case he was on probation for three counts of larceny in which he failed to make the ordered restitution, so that he was held on the charge of violation of probation before the subject, sentence commenced. However, such factors are not subject to consideration by this division and the petitioner was so advised and, once more, given the opportunity to have counsel appointed and his hearing continued. Again, he declined.
His fundamental claim is that his sentence is disproportionate to the offense committed. He professes to be a non-violent man who was a productive individual in society, able to support his family. He argues that the young victim's death was more the result of mistake rather than an intentional act. He suggests his sentence be reduced to three years to serve and probation.
On the other hand, the state points out that the petitioner's actions represented a pattern of reckless conduct. According to the state, his attitude is unremorseful and he continued to blame others even after his conviction. He was not given the maximum sentence, but only half and we are asked to consider the deadly consequences of his recklessness. CT Page 7805
In carefully examining the file, including the presentence report and the transcript of the sentencing proceedings, we are unpersuaded that the petitioner's sentence was excessive or disproportionate. He had a prior criminal record and failed to comply with conditions of an earlier probation. His recklessness resulted in the needless death of an innocent person.
We conclude that the sentencing court properly evaluated the provisions of P.B. § 942 in imposing sentence in this case.
Sentence affirmed.
Stanley, J.
Purtill, J.
Stanley, J., and Puttill, J. participated in this decision.